UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS SWANSON,

    Plaintiff,

  v.

DR. SHARAN REDDY, et al.,

    Defendants.

No. 2:16-cv-1040 AC P

ORDER

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1] See 28 U.S.C. §§ 1914(a), 1915(a). Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the required fees totaling $400.00.

    Plaintiff is cautioned that the in forma pauperis application form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

    Plaintiff has also requested appointment of counsel. ECF No. 2. The United States

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court has yet to screen the complaint and therefore has yet to determine whether plaintiff has stated any cognizable claims or to evaluate plaintiff's ability to articulate his claims.  For these reasons, the court finds that appointment of counsel at this early stage would be premature.

Summary

Plaintiff needs to file a request to proceed in forma pauperis or pay the filing fee.  The Clerk of the Court will send plaintiff the form for requesting to proceed in forma pauperis.  If plaintiff wants to proceed in forma pauperis, he must fill in the form and return it to the court.  He must file a certified copy of his prison trust account statement for the six months period before he filed the complaint.

Plaintiff's request for counsel is denied because it is too early in the case for the court to find that exceptional circumstances exist.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court or the required fees in the amount of $400.00.  Plaintiff's failure to comply with this order will result

1 | in a recommendation that this action be dismissed;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

3. Plaintiff's motion for the appointment of counsel (ECF No. 2) is denied without prejudice.

DATED: May 23, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE